# EXHIBIT A



**Stacy M. Butterfield, CPA**
**Clerk of Courts & Comptroller**
**Polk County, Florida**

Public Records Online
CASE INFORMATION

Printed as of 5/5/2016 by Public

Case Number:  2016CA001040000000
Judge:

Section: 07

### Parties

| Party Type | Party Name | Attorney |
|---|---|---|
| DEFENDANT | KELLY, KEVIN P | |
| DEFENDANT | LEMON-X CORPORATION, A FOREIGN PROFIT CORPORATION | |
| PLAINTIFF | CUEVAS, ISRAEL | REMER JASON S |
| PLAINTIFF | OTHER SIMILARLY SITUATED NON EXEMPT EMPLOYEES | REMER JASON S |

### Dockets

| Date | Action | Type | Pages | Sequence |
|---|---|---|---|---|
| 3/29/2016 | CIVIL COVER SHEET | CCS | 2 | 1 |
| 3/29/2016 | COMPLAINT | CO | 9 | 2 |
| 3/29/2016 | SUMMONS ISSUED BY CLERK LEMON X CORPORATION | SI | 1 | 3 |
| 3/29/2016 | SUMMONS ISSUED BY CLERK KEVIN P KELLY | SI | 1 | 4 |
| 3/29/2016 | NOTICE OF CONSENT TO BE A PARTY PLAINTIFF AND/OR JOIN | CN | 1 | 5 |

No Hearing Data Available

### Receivables

| Date | Receipt Amount | Description | Paying Customer | Receipt Number | Receivable Number |
|---|---|---|---|---|---|
| 3/30/2016 | $420.00 | Fees Assessed | JASON S REMER | 6823340 | |

Page 1 of 2

Polk County Clerk of Courts

**Public Records Online**
**CASE INFORMATION**

**Printed as of 5/5/2016 by Public**

Case Number: 2016CA001040000000
Judge: LARRY HELMS    Section: 07
Balance Due    $0.00

No Disposition Data Available

No Reopen Data Available

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

I. **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>TENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>POLK</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>ISRAEL CUEVAS</u>
Plaintiff
vs.
<u>LEMON-X CORPORATION, KEVIN P KELLY</u>
Defendant

II. **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more

- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

2016CA-001040-0000-00   Received in Polk 03/29/2016 11:57 AM

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
   ☒ Monetary;
   ☐ Non-monetary
   ☐ Non-monetary declaratory or injunctive relief;
   ☐ Punitive

IV. **NUMBER OF CAUSES OF ACTION: (   )**
   (Specify)

   2

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ Yes
   ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ No
   ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒ Yes
   ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Jason S Remer     FL Bar No.: 165580
       Attorney or party                                          (Bar number, if attorney)

       Jason S Remer 03/29/2016
       (Type or print name)                                       Date

2016CA-001040-0000-00     Received in Polk 03/29/2016 11:57 AM

Filing # 39567300 E-Filed 03/29/2016 11:51:42 AM

IN THE CIRCUIT COURT OF THE 10TH
JUDICIAL CIRCUIT IN AND FOR
POLK COUNTY, FLORIDA.

Case No._____

**ISRAEL CUEVAS**
and other similarly situated non-exempt employees,

    Plaintiff(s),

vs.

**LEMON-X CORPORATION**
a Foreign Profit Corporation and
**KEVIN P. KELLY, Sir, Individually.**

    Defendant (s).

_____/

SERVED 4-15-16
Date
Time 1:40 ?
By Bill Thompson, certified
process server #006 for the
10th Judicial Circuit

### SUMMONS IN A CIVIL CASE

TO: LEMON-X CORPORATION, through its Registered Agent:

FLOYD PARKER, Sir.
500 South Lake Reedy Blvd
Frostproof, FL 33843

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    JASON S. REMER, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

STACY M. BUTTERFIELD     03/30/2016
CLERK                              DATE

(BY) DEPUTY CLERK

Filing # 39567300 E-Filed 03/29/2016 11:51:42 AM

IN THE CIRCUIT COURT OF THE 10TH<br>
JUDICIAL CIRCUIT IN AND FOR<br>
POLK COUNTY, FLORIDA.

Case No._____

ISRAEL CUEVAS
and other similarly situated non-exempt employees,

    Plaintiff(s),

vs.

LEMON-X CORPORATION
a Foreign Profit Corporation and
KEVIN P. KELLY, Sir, Individually.

    Defendant (s).

_____/

### SUMMONS IN A CIVIL CASE

**TO:** KEVIN P. KELLY, Sir

168 Railroad Street
Huntington Station, NY 11746-1540

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    JASON S. REMER, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

STACY M. BUTTERFIELD     03/30/2016
CLERK                                DATE

53-2016CA-001040-0000-00

_____
(BY) DEPUTY CLERK

2016CA-001040-0000-00    Received in Polk 03/29/2016 11:57 AM

IN THE CIRCUIT COURT OF THE 10TH
JUDICIAL CIRCUIT IN AND FOR
POLK COUNTY, FLORIDA.

Case No._____

ISRAEL CUEVAS
and other similarly situated non-exempt employees,

    Plaintifff(s),

vs.

LEMON-X CORPORATION
a Foreign Profit Corporation and
KEVIN P. KELLY, Sir, Individually.

    Defendant (s).
_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, the Plaintiff, ISRAEL CUEVAS ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendants, LEMON-X CORPORATION a Foreign Profit Corporation and KEVIN P. KELLY, Sir, Individually (collectively the "Defendants") and states as follows:

### JURISDICTION

1. This is an action by the Plaintiff and other similarly-situated non-exempt employees for damages exceeding $15,000 excluding attorneys' fees or costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime and/or minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Polk County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, LEMON-X CORPORATION, having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, KEVIN P. KELLY, Sir, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, LEMON-X CORPORATION.

6. Venue is proper in Polk County because all of the actions that form the basis of this Complaint occurred within Polk County and payment was due in Polk County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff, ISRAEL CUEVAS, was employed with Defendant as a non-exempt employee from approximately 2008 through on or about October 11, 2015.

10. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11. Defendant failed to compensate Plaintiff the required overtime and/or minimum wages at a rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week.

12. Plaintiff claims there are other similarly situated current and former non-exempt employees working, or previously working, for Defendants/Defendant.

13. Plaintiff and other similarly-situated current and former non-exempt employees performed similarly duties for Defendants/Defendant and were subject to similar policies as to compensation.

14. Plaintiff and other similarly-situated current and former non-exempt employees of Defendants/Defendant would benefit from joining this collective action alleged herein.

## COUNT I
### Wage & Hour Federal Statutory Violation Against
### LEMON-X CORPORATION

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 of this complaint as if set out in full herein.

16. This action is brought by Plaintiff and other similarly-situated non-exempt employees to recover from Defendant unpaid overtime and/or minimum wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

17. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

18. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

19. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

20. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

21. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

22. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

23. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

24. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime and/or minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

25. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and/or minimum wages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and/or minimum wages compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT II**</u>
*Wage & Hour Federal Statutory Violation Against*
*KEVIN P. KELLY, Sir.*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

27. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

28. At the times mentioned, Defendant KEVIN P. KELLY, Sir, had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of his employment (hire/fire), scheduled hours and/or rate of pay.

29. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

30. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

31. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

32. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United

States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

33. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

34. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

35. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

36. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

37. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's

employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

38. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

F. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

G. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

H. Award Plaintiff an equal amount in double damages/liquidated damages; and

I. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

J. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated 3-26-16

Respectfully submitted,

Jason S. Remer, Esq.
Florida Bar No.: 0165580
jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

**REMER & GEORGES-PIERRE, PLLC**

44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

Page 5 of 8

## NOTICE OF CONSENT TO BE A PARTY PLAINTIFF AND/OR JOIN

I, Israel Cuevas _____, hereby consent, in accordance with 29 U.S.C. §216(b) of the Fair Labor Standards Act, to become a party plaintiff in this action against my employer, Lemon X _____, and to be represented by the attorneys of REMER & GEORGES-PIERRE, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

Sign Name: *Israel Cuevas*
Israel Cuevas (Nov 13, 2015)

Date: Nov 13, 2015

Print Name: Israel Cuevas