## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| ISRAEL CUEVAS, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| LEMON-X CORPORATION a Foreign Profit Corporation and KEVIN P. KELLY, SIR, Individually, | ) CASE NO.: 8:16-cv-1117-T-33MAP <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) <br> ) |

### JOINT MOTION TO APPROVE FLSA RESOLUTION

Plaintiff, ISRAEL CUEVAS and Defendant, LEMON-X CORPORATION (the "Parties"), by and through their respective undersigned counsel, jointly move the Court to approve the FLSA compromise reached by the Parties and dismiss this case with prejudice. As grounds, the Parties jointly state:

1. Plaintiff alleged a claim for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"). Defendant disputes and denies Plaintiff's claim and asserted affirmative defenses under the FLSA, including that Plaintiff was properly paid and that Defendant acted in good faith compliance with the law. Defendant also disputes Plaintiff's allegations concerning the amount of alleged unpaid wages at issue.

2. The Parties negotiated a compromise to resolve Plaintiff's FLSA claim, subject to a fairness review and approval by the Court. Plaintiff will receive a total payment of $2,430.50 for alleged unpaid wages. This represents more than half of the

amount claimed by Plaintiff to be owed based on Plaintiff's own disputed hours worked claims. Plaintiff will receive an equal amount ($2,430.50) as alleged liquidated damages, even though Defendant provided evidence of its good faith actions in compliance with the FLSA. Defendant denies any liability to Plaintiff under the FLSA and has agreed to compromise Plaintiff's claims solely to avoid the expense and inconvenience of litigation.

3. The Parties jointly confirm that they had a bona fide dispute under the FLSA. Defendant asserted, and continues to assert, that it had reasonable grounds to believe it was in compliance with the FLSA at all times and acted in good faith and not in willful violation of the FLSA.

4. The total settlement amount reflects a reasonable compromise of the disputed amount of alleged unpaid wages and liquidated damages, claimed by Plaintiff for the limitations period under the FLSA.

5. After the Parties resolved Plaintiff's FLSA claim, they engaged in discussions to resolve Plaintiff's claim for attorneys' fee and costs for Plaintiff's counsel. The Parties agreed to a payment amount of $3,639.00 for attorneys' fees and costs. The Parties agree that this amount reflects a reasonable fee payment to Plaintiff's attorney in terms of hourly rate and work performed, given the nature of this action and the desire of the Parties to fully resolve all issues at this time.

6. All Parties have been represented by counsel throughout the litigation.

7. After reviewing Defendant's business information and information provided by Plaintiff, Plaintiff is satisfied that the amount he will receive represents a reasonable compromise of his unpaid minimum wage claim under the FLSA.

8. Counsel for the Parties' represent that the settlement entered into by the Parties was an arms-length compromise and there was no collusion with regard to the settlement of this matter.

9. Counsel for Plaintiff represents that in his opinion the probability of Plaintiff's success on the merits was by no means certain, and that Plaintiff faced the risk of losing his claim on the merits, or having his claim substantially reduced.

10. Counsel for Plaintiff represents that after reviewing Defendant's available affirmative defenses and business information, it is his opinion that the amount offered by Defendant represents a reasonable compromise of the claim based upon the likelihood of success on the merits, and the risks and uncertainties of litigation.

11. Counsel for the Parties, in their respective opinions, concur that the settlement is fair and reasonable under the circumstances and should be approved by the Court.

## **MEMORANDUM OF LAW**

**A.    Standard of Review.**

Pursuant to the case law of this Circuit, judicial review and approval of a tentative FLSA settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor,* 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn*: "[t]here are only two ways in which back wage claims arising under the FLSA can

be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them….The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 352-53.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable the Court should consider the following factors:

(1) the existence of fraud or collusion behind the settlement:
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed
(4) the probability of Plaintiff's success on the merits:
(5) the range of possible recovery; and
(6) the opinions of the counsel.

See *Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton,* 2007 U.S. Dist. LEXIS at *

4

2-3.

### B. All of the Relevant Criteria Support Final Approval of the Settlement.

Plaintiff acknowledges that this settlement provides for payment of the majority of wages allegedly due during the FLSA's three-year limitation period, plus fairly compromises the liquidated damages claim. Courts have found no fraud or collusion where both parties were represented by counsel and the amounts to be paid to the Plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.,* No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006).

Here, each party was independently represented by counsel with experience in litigating claims under the FLSA. Each counsel was obligated to and did vigorously represent their clients' rights. Based on the amount to be paid to Plaintiff, it is clear that there was no fraud or collusion. These facts further support that the settlement terms were reached with arms-length negotiations. *See Khait v. Whirlpool Corp.,* 2010 U.S. Dist. LEXIS 4067, * 15 (E.D.N.Y Jan. 20, 2010); *Quintanilla v. A & R Demolition, Inc.*, 2008 U.S. Dist. LEXIS 37449. * 11 (S.D. Tex. May 7, 2008).

The probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement. Plaintiff and Defendant continue to disagree over the merits of the claims and defenses asserted. If the Parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for all Parties to minimize future risks and litigation costs.

Further, there has been sufficient investigation and exchange of information to

allow the Parties to reach a fair and reasonable resolution of this matter. In agreeing upon the proposed settlement, the Parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis of the claims. Finally, the Parties resolved Plaintiff's claim for fees and costs separately from Plaintiff's FLSA claim and the amount of the payment is reasonable for the legal work performed.

**WHEREFORE**, Plaintiff, ISRAEL CUEVAS and Defendant, LEMON-X CORPORATION, respectfully request that this Honorable Court enter an Order: (i) GRANTING this Motion; (ii) APPROVING the settlement of the claim under the Fair Labor Standards Act and; (iii) DISMISSING this action with prejudice

**DATED** July 11, 2016.

Respectfully submitted,

| | |
|---|---|
| */s/ Brody M. Shulman* | */s/Kevin D. Zwetsch* |
| Brody M. Shulman | Kevin D. Zwetsch |
| FL Bar # 092044 | FL Bar # 962260 |
| REMER & GEORGES-PIERRE, PLLC | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| 44 West Flagler Street, Suite 2200 | 100 North Tampa Street, Suite 3600 |
| Miami, FL | Tampa, FL  33602 |
| Telephone: (305) 416-5000 | Telephone:  (813) 289.1247 |
| Facsimile:  (305) 416-5005 | Facsimile:   (813) 289.6530 |
| bshulman@rgpattorneys.com | kevin.zwetsch@ogletreedeakins.com |
| Attorneys for Plaintiff | Attorneys for Defendant |
| *ISRAEL CUEVAS* | *LEMON-X CORPORATION* |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 11, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                */s/ Kevin D. Zwetsch*
                                Attorney

**Service List**
Jason S. Remer, Esq.
Brody M. Shulman, Esq.
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
jremer@rgpattorneys.com
bshulman@rgpattorneys.com
*Counsel for Plaintiff*

25149168.1