```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

ISRAEL CUEVAS,

       Plaintiff,
v.                                      Case No. 8:16-cv-1117-T-33MAP

LEMON-X CORPORATION,

       Defendant.
_____/

**ORDER**

    This matter is before the Court pursuant to the parties' Joint Motion to Approve FLSA Resolution (Doc. # 28), which was filed on July 11, 2016. The Court grants the Motion.

**I. Background**

    Israel Cuevas filed this Fair Labor Standards Act case against his employer in state court on March 29, 2016. (Doc. # 2). The case was removed to this Court on May 5, 2016, because the Complaint presents a federal question. (Doc. # 2). On May 9, 2016, the Court issued its FLSA Scheduling Order (Doc. # 4) and Order referring the case to mediation with Mark Hanley, Esq. (Doc. # 5). Lemon-X filed its Answer on May 27, 2016. (Doc. # 13). On June 15, 2015, before the scheduled mediation, the parties reached a settlement. (Doc. # 24). At the Court's direction, the parties seek Court approval of the settlement.

**II. Analysis**

    Cuevas alleges that Lemon-X violated the overtime

provisions of the Fair Labor Standards Act. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Cuevas will receive $2,430.50 for unpaid wages and will receive $2,430.50 in liquidated damages. It has also been agreed that Cuevas's counsel will receive $3,639.00 in attorney's fees and costs.

In the Motion, the parties represent that the attorney's fees to be paid to counsel were negotiated separately and without regard to the amount to be paid to Cuevas for alleged FLSA violations. (Doc. # 28 at 2, 6). Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is fair on its face and

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The parties' Joint Motion to Approve FLSA Resolution (Doc. # 28) is **GRANTED**.

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.**

(3) The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>11th</u> day of July, 2016.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

3